## JOHN P. ASHMEAD et al.

### v.

## MARY C. BAYLOR et al.

[Filed February 24th, 1900.]

Prior advances and services by grantee, not considered by the parties as creating any debt till the grantor was threatened with financial troubles, will not furnish a consideration for a deed so as to render it other than voluntary as against the grantor's creditors.

On bill, answer and proofs.

The defendant was, for some years prior to June 1st, 1897, the owner of an improved tract of land on Pacific avenue, Atlantic City, for which she had been offered and had refused $5,500. This property was subject to a mortgage of $3,000. She also owned more than one hundred building lots in Egg Harbor township, worth from $10 to $50 per lot. She had been indebted to the complainants for some maps and surveying work done at her request, and had been urged to pay their claim, but disputed her liability. By two separate deeds dated June 1st, 1896, but shown to have been made June 5th, 1897, she conveyed all these lands—being all she had—to her sister, Mrs. Chandler. The consideration of each deed was expressed to be $1, and in that conveying the Pacific avenue property, Mrs. Chandler assumed to pay the $3,000 mortgage. Both deeds were acknowledged on June 5th, 1897. On the same day Mrs. Chandler reconveyed both properties to Mrs. Baylor, as trustee for her minor sons, Norman R. and Tunstall P. Baylor, to receive the profits thereof during their minority and to apply them to the maintenance of said minors, but with full power to sell and convey and to receive the purchase price, with no liability of purchasers for the proper application of the purchase-money. All the deeds were acknowledged June 5th, 1897, and were

subsequently· recorded. The deed from Mrs. Chandler ·to Mrs. Baylor for the Pacific avenue property was made subject to the $3,000 mortgage, which Mrs. Baylor agreed to pay.

The complainants' bill attacks all these conveyances, because made to hinder and defeat Mrs. Baylor's creditors in the collection of their debts. The defendant Mrs. Baylor alleges that all of the deeds were made in good faith and for full consideration, and denies that the complainants were creditors of Mrs. Baylor, and by cross-bill alleges that they fraudulently obtained a judgment against her for their claim which she prays they may be restrained from enforcing, &c. Mrs. Chandler also answers and alleges the good faith of the transaction. Issue was joined on these allegations, and the cause came on for hearing.

*Mr. William M. Clevenger*, for the complainants.

*Mr. Charles A. Baake*, for the defendants.

GREY, V. C.

The first question to be disposed of should be the charge by way of cross-bill, that the complainants' judgment was fraudulently obtained, for if the complainants' judgment is a fraud, they have not shown that they are creditors of the defendant Mrs. Baylor, nor have they so established their debt that they have any *status* in equity to question her right to dispose of her property.

There seems to be but little dispute that Mrs. Baylor, before she made these conveyances, had been informed of the complainants' claim against her, and that she sought to induce them to look to others for its payment. She asserted that they accepted other parties as their debtors and exonerated her. They insisted that they had not so released her, and that she should pay their claim. While this dispute was open and unsettled, the conveyances in question were made on June 5th, 1897, though those in which Mrs. Baylor was grantor were dated back to June 1st, 1896.

The complainant began suit on July 22d, 1897. Mrs. Baylor

personally appeared and was sworn as a witness in her own behalf. The justice continued the cause to a later day for judgment, and on that day gave judgment against her. She alleges that this judgment was obtained by the complainants' fraudulent collusion with the justice, and that her subsequent effort to appeal was defeated by the complainants' fraudulent interference. There is nothing in the proofs which sustains this claim. The allegations of the cross-bill are wholly unsupported, and it must be dismissed.

The next question is, were the deeds in question made in fraud of creditors? The evidence shows, notwithstanding Mrs. Baylor's denial, that the complainants had been creditors of Mrs. Baylor for some years before 1897; that their debt came to be due, and that she sought to avoid its payment. The deeds in question are challenged because it is alleged they were without any valuable consideration and were made with an intent to defraud creditors.

The supposed consideration for Mrs. Baylor's deed, conveying all the lands she had to her sister, Mrs. Chandler, was claimed to be the loan of uncertain amounts of money by Mrs. Chandler to Mrs. Baylor, at remote periods, beginning so far back as 1866, for which no evidence of debt had been given or asked, and for nursing and other family services of good will and affection. No statement could be made by either of these ladies by which the amount due for loans could be stated separately from that due for family services, nor could the supposed loans be itemized or dated, nor was there any exhibition that there really was any certain sum due from Mrs. Baylor to Mrs. Chandler. Neither party seems to have regarded the advances as a debt until Mrs. Baylor was threatened with financial trouble, and then these matters of kindness were converted into legal obligations. The creation of the supposed obligation appears to have depended upon the urgency of Mrs. Baylor's creditors; if they had not moved there would have been no debt. *Schmidt* v. *Opie, 6 Stew. Eq. 142.*

The weight of the evidence indicates that there was no legal obligation whatever upon Mrs. Baylor to pay Mrs. Chandler

anything, and that the transactions between these sisters, either of giving money or of service, were the outcome of affectionate relationship, and not the result of contract.   Mrs. Chandler did, by a clause in the deeds, assume to pay the $3,000 mortgage, but this was less in amount than the value of Mrs. Baylor's interest in the Pacific avenue property, and could not relieve the transaction from its voluntary character.   *Randall* v. *Vroom, 3 Stew. Eq. 353.*   Besides, Mrs. Chandler was coincidently relieved of her covenant, so far as Mrs. Baylor was concerned, by the latter's acceptance of the deed to her, whereby she agreed to pay the $3,000 mortgage herself.   *Crowell* v. *Currier, 12 C. E. Gr. 153.*

The consideration of the trust deed made by Mrs. Chandler to Mrs. Baylor was admittedly purely voluntary.   The terms of this deed allow to Mrs. Baylor the disposal of the property, and her conduct since the transaction shows that the deed was a mere pretence.   This is proven by her own testimony.   She swore that after the deed of trust was made to her, she continued to sell the Egg Harbor lots in payment of her own precedent debts incurred for work done for her, such as repairing her house, loans previously made to her, &c., her debts owed for commission on sales made for her, though she absurdly insisted that those were her children's debts.

These deeds having been shown to have been made without valuable consideration, will be presumed to be fraudulent as against the complainants, creditors of Mrs. Baylor at the time the deeds were made, holding an unpaid debt which had come to be due.   *Severs* v. *Dodson, 8 Dick. Ch. Rep. 634.*

It is not, however, necessary in this case to rely upon the presumption of fraud which attends upon the exposure that a voluntary conveyance has been made which hinders an existing creditor in collecting his debt.   There is affirmative proof that these deeds were made with the definite object of defeating the complainants' demand.

Both Mrs. Baylor and Mrs. Chandler say that they were together present in their lawyer's office when these deeds were executed, on June 5th, 1897.   Mrs. Baylor claims to have been ignorant that the complainants had any claim against her.   It

has been proven that she had previously been dunned for the complainants' bill, and had sought to avoid its payment. She was asked on cross-examination :

"*Q.* When your sister made conveyance to you as trustee for your sons, did you pay her any money for consideration ?

"*A.* I could not remember that.

"*Q.* Why was that conveyance made?

"*A.* Simply this case was started against me, and she absolutely refused to have the trouble and responsibility ; she told me that I was the proper person to fight the case," &c.

Mrs. Baylor here proves that these conveyances which were executed at the same time were made with knowledge of both herself and her sister that the complainants were insisting upon payment ; that a lawsuit was probable ; that trouble and responsibility would attend upon its defence, and that it was her business and duty, rather than her sister's, to fight the case.

Upon the whole case the proof is sufficient to show that the deeds in question were made and accepted without valuable consideration, and with a purpose to defeat and hinder the collection of the complainants' debt.

The complainants are entitled to a decree that the deeds in question are, as against their judgment, fraudulent and void.